**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSE CLYDE BURLESON, | No. 09-17569 |
| Petitioner - Appellant, | D.C. No. 4:08-cv-01853-SBA |
| v. | |
| DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted July 19, 2012[**]
San Francisco, California

Before: TASHIMA, CLIFTON, and MURGUIA, Circuit Judges.

State prisoner Jesse Clyde Burleson appeals the district court's dismissal of

his habeas petition as untimely. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"[A]ctual innocence constitutes an equitable exception to AEDPA's limitations period . . . ." *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc). A credible claim of actual innocence "requires a petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Id.* at 938 (internal quotation marks omitted). Then, considering the total record, "the court makes a probabilistic determination" about whether every juror, properly instructed, would have reasonable doubt in the light of the new evidence. *Id.* (internal quotation marks omitted).

Burleson's assertion that he is innocent of murder while conceding his culpability to manslaughter is a variant on the actual innocence exception. We need not decide whether he can qualify as "actually innocent" by claiming instead guilt of a lesser offense. His factual claim falls far short of the exacting standard demanded by the actual innocence exception for at least two reasons.

First, the alternate trial strategy posited by Burleson, a theory of imperfect self-defense, would have required him to persuade the jury that he actually believed he was in imminent mortal peril. *In re Christian S.*, 872 P.2d 574, 583 (Cal. 1994). But he can prove neither actuality of fear nor imminency of harm. He went a block and a half away from the reported location of men he believed were coming to kill him, got a gun, called for assistance, repeatedly went outside even

after seeing the men nearby, and "encountered" his victims before shooting and killing one of them as he ran away. Based on that factual scenario, it is unlikely that every juror would have concluded that Burleson acted in self-defense, even if imperfect.

Second, Burleson's new evidence was neither new nor reliable. Richardson did not add anything to what Burleson already knew. Nor did he add much credibility to what Burleson could have said himself. Richardson was Burleson's friend and they had spent the day of the shooting together. Richardson was arrested fleeing the scene of the murder, raising suspicions regarding his own involvement. It would not have been difficult to impeach Richardson's testimony.

In light of the total record, it is highly unlikely that no juror would have voted to convict Burleson of murder. As he cannot qualify for the equitable exception to the limitations period, his habeas petition was untimely.

**AFFIRMED.**

3